**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____

| | |
|---|---|
| **JANE MILLER,** | : |
| | : |
| *Plaintiff,* | : |
| | : **Civil Action No. 3:16-cv-00724-VLB** |
| | : |
| **v.** | : |
| | : |
| **THOMAS DUNKERTON** | : |
| *Defendant* | : **June 10, 2016** |
| | : |

_____:

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

Plaintiff, Jane Miller ("Plaintiff"), by and through undersigned counsel, hereby files this Memorandum of Law in Support of Motion to Remand made pursuant to 28 U.S.C. § 1447(c).

**I.    FACTUAL BACKGROUND**

Plaintiff commenced this one-count statutory cause of action in the State of Connecticut Superior Court for the Judicial District of Danbury, pursuant to Connecticut General Statutes § 9-63.   Doc. # 1-2.   Section 9-63 provides in relevant part:

> [A]ny elector whose application to have [her] name placed upon an enrollment list has been refused, and who is aggrieved thereby, may, within ten days after such … refusal, bring a petition before any judge of the superior court, setting forth that the name of the petitioner has been unjustly or improperly … excluded therefrom … and praying for an order directing such registrar or deputy registrar by whom such name was … excluded to restore such name or place the same upon such list…. [T]he judge before whom such petition is returnable shall assign the same for a hearing at the earliest practicable date; and if, upon due hearing thereof, he finds that the petitioner is entitled to relief, such judge shall issue an order directing such registrar or deputy registrar to forthwith … place the name of such elector upon the list applied for….

Pursuant to § 9-63, Plaintiff filed a petition in Connecticut Superior Court seeking a writ of mandamus or order directing Defendant, Thomas Dunkerton, to place the name of the Petitioner, Jane Miller, on the enrollment list of the Brookfield Republican Party (hereinafter, "Petition").  Doc. # 1-2.  Plaintiff pleads in her Petition that or about March 4, 2016, she applied to become a member of the Brookfield Republican Party, and on April 19, 2016, her name was improperly and unlawfully excluded from the enrollment list of the Brookfield Republican Party by Defendant Thomas Dunkerton pursuant to General Statutes § 9-60 et seq. (hereinafter, "party disaffiliation statutes").  Doc. #1-2, ¶¶3-4.

In general, the Connecticut party disaffiliation statutes provide a scheme by which a town registrar may "erase" or "exclude" an elector from the party list of eligible voters.  Since Plaintiff was not on the Republican list of eligible voters when she requested to be added on March 4, 2016, only the exclusion portion of the statute is at issue in this case.  Connecticut General Statutes § 9-60 provides the authority for a party registrar to exclude a person from the party list "[i]f, [after a hearing conducted pursuant to § 9-62], it appears to [the] registrar and [the] [party] chairman [or his designee] … that it is not the bona fide intention of such person to affiliate with, or that such person is not affiliating with, such political party and does not intend to support the principles or candidates of such party…."  Connecticut General Statutes § 9-61 sets forth the prima facie evidence required to exclude someone from the party list.  Connecticut General Statutes § 9-62 sets forth the rules for conducting the hearing required to exclude a

person from a party enrollment list. Connecticut General Statutes § 9-63 provides a such person the right to file for a petition in Connecticut Superior Court when such person has been improperly excluded under the party disaffiliation statutes. Plaintiff exercised this statutory right by filing the Petition with the Connecticut Superior Court for the judicial district of Danbury.

Defendant filed a notice of removal on May 13, 2016, citing 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), claiming that Plaintiff's state statutory action involves a federal question because of the alleged denial of Plaintiff's constitutional rights. Doc. #1, ¶3.  The sole portion of the Petition on which Defendant bases removal is contained in Paragraph 5b of the complaint, which reads in its entirety: "The conduct of the proceedings violated Petitioner's constitutional rights, including her rights to due process of law and freedom of association." Doc. #1-2, ¶5b.  The Petition does not plead a constitutional violation as a separate cause of action and does not reference any federal statutes.  Plaintiff does not seek monetary relief.  See Doc. #1-2, p.3.

For the following reasons, this court is without jurisdiction, and the case must be remanded to state court.

## II.   ARGUMENT

### A.   Legal Standard for Removal

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d 22, 26 (D.

Conn. 2015) (internal quotation marks omitted), quoting *Durant, Nichols, Houston, Hodgson, & Cortese–Costa, P.C. v. Dupont,* 565 F.3d 56, 62 (2d Cir. 2009). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d at 26 (internal quotation marks omitted), quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).

"A case filed in state court may not be removed unless the federal district court possesses original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of proving jurisdiction. See *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).... A notice of removal does not give a federal district court jurisdiction if neither the complaint nor the notice of removal alleges facts that establish jurisdiction." *Wells Fargo Bank, N.A. v. Stephens*, No. 3:14-CV-1982 (VLB), 2015 WL 6551782, at *2 (D. Conn. October 29, 2015) (citations and internal quotation marks omitted).

B. <u>This Court Lacks Jurisdiction Over Plaintiff's State Law Cause of Action</u>

"Federal courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In the 'vast bulk' of cases, a suit arises under federal law where the complaint pleads a federal cause of action." *Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d at 26-27, citing

*Gunn v. Minton,* __ U.S. __, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013); see also

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308,

312, 125 S. Ct. 2363 (2005).

> Other than suits arising from a federal cause of action,
>
> [t]hree situations exist in which a complaint that does not allege a federal cause of action may nonetheless 'arise under' federal law for purposes of subject matter jurisdiction: first, if Congress expressly provides, by statute, for removal of state law claims ... second, if the state law claims are completely preempted by federal law ... and third, in certain cases if the vindication of a state law right necessarily turns on a question of federal law ….

*Fracasse v. People's United Bank,* 747 F.3d 141, 144 (2d Cir. 2014) (citations and

internal quotation marks omitted).

Typically, therefore, "[a] suit arises under the law that creates the cause of

action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36

S. Ct. 585, 60 L. Ed. 987 (1916). Situations in which a cause of action created by

state law "arises" out of federal law for removal purposes are "extremely rare."

*Gunn v. Minton*, 133 S. Ct. at 1064.  Thus, federal jurisdiction over a state law

claim will lie only if a federal issue is: (1) necessarily raised, (2) actually disputed,

(3) substantial, and (4) capable of resolution in federal court without disrupting

the federal-state balance approved by Congress." *Mihok v. Medtronic, Inc.*, 119 F.

Supp. 3d at 27, citing *Gunn v. Minton*, 133 S. Ct. at 1065.

In the present case, there is no statute expressly permitting removal of a

claim brought pursuant to Connecticut General Statutes § 9-63 or any similar

statutory scheme.  Nor is this state law cause of action preempted by federal law.

Only the third enumerated situation is even arguably applicable.  However, this case utterly fails elements (1), (3) and (4), and therefore must be remanded.

With respect to element (1), the sole basis on which Defendant apparently bases jurisdiction is contained in Paragraph 5b of the Petition, which alleges: "The conduct of the proceedings violated [Plaintiff's] constitutional rights, including her rights to due process of law and freedom of association."  This claim is <u>not</u> "necessarily raised."  Rather, the primary allegation is that Defendant violated a the state party disaffiliation statutes.  In particular, Paragraph 5a of the Petition alleges that "Defendant conducted a hearing where the evidence presented was insufficient to permit exclusion of Petitioner pursuant to Connecticut General Statutes § 9-60 et seq." In Plaintiff's prayer for relief, she seeks a statutory remedy, to wit: "[a] writ of mandamus or order directing the Defendant, Thomas Dunkerton, to place the name of the Petitioner, Jane Miller, on the enrollment list of the Brookfield Republican Party."  Connecticut General Statutes § 9-63.  In fact, Section 9-63 *requires* that if the Superior Court judge finds that the Registrar of Voters improperly excluded an elector's name in violation of the state statute, "such judge *shall* issue an order directing such registrar or deputy registrar to forthwith … place the name of such elector upon the list applied for…." (emphasis added).  Therefore, the finding of a statutory violation actually necessitates the relief sought in Plaintiff's Petition, regardless of any constitutional findings.

Defendant also cannot meet elements (3) or (4).  In a similar action, a plaintiff sought injunctive relief and damages for alleged unconstitutional party disaffiliation under a prior version of the same statutory scheme at issue here.  In declining to hear claim for damages which was retracted by plaintiff at oral argument, the Second Circuit noted that "we must exercise restraint in considering constitutional attacks on state statutes in view of the fundamental principle that we, like the Supreme Court, may in such situations exercise our powers of judicial review only as a matter of necessity." *Perrucci v. Gaffey*, 450 F.2d 356, 358 (2d Cir. 1971) (internal quotation marks omitted), quoting *Sanks v. Georgia*, 401 U.S. 144, 151, 91 S. Ct. 593, 597 L. Ed. 2d 741 (1971).  Although the Second Circuit dismissed the remainder of the case on mootness grounds because of the plaintiff's reaffiliation, the District Court had *sua sponte* dismissed the plaintiff's action, concluding that "the constitutional issues raised by the plaintiff were unsubstantial, and that, therefore, there was no basis for federal jurisdiction." *Perrucci v. Gaffey*, 450 F.2d at 357 (internal quotation marks omitted).

Here, although the alleged constitutional violations are certainly significant in the sense that they have caused Plaintiff serious harm, "[t]he substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d at 28 (internal quotation marks omitted), citing *Gunn v. Minton,* 133 S.Ct. at 1066.  Because there is no challenge to any federal laws or regulations, the substantiality test is not

met. See *Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d at 29 (citing cases in which the Second Circuit found lack of substantiality under *Gunn* and *Grable* test).

Finally, this Court's determination of this state law cause of action would disrupt the federal-state balance contemplated by Congress.  As previously set forth, the Second Circuit held that with respect to Connecticut General Statutes § 9-60 et seq., federal courts "must exercise restraint in considering constitutional attacks on state statutes."  *Perrucci v. Gaffey*, 450 F.2d at 358.  This is especially true given that a constitutional challenge to the party disaffiliation statutes by this very Plaintiff is currently on appeal with the Connecticut Supreme Court.  See Appeal Letter dated January 12, 2016, attached as Exhibit A.[1] Specifically, the Connecticut Supreme Court will rule on, inter alia, whether the Superior Court erred when it held that Defendant's act of removing Plaintiff's name from the rolls of the Republican Party did not impermissibly burden Plaintiff's right to freedom of association under the First and Fourteenth Amendments to the United States Constitution.  See Appellant's Brief, p. ii, attached as Exhibit B.[2]  Accordingly, any ruling on the constitutionality of the

---

[1] The appeal before the Connecticut Supreme Court follows a ruling by the Connecticut Superior Court upholding the constitutionality of the party disaffiliation statutes at issue here. See *Miller v. Dunkerton*, Superior Court, Docket No. DBD-CV-15-6017272-S, 2015 WL 5626249 (August 18, 2015) (60 Conn. L. Rptr. 908).  That case involved Plaintiff's original erasure from the Brookfield Republican Party in April, 2015. See *id.* at *3.

[2] The attached Statement of Issues was filed as part of Plaintiff's brief to the Connecticut Supreme Court.

Connecticut disaffiliation statutes at issue here should be decided by the Connecticut Supreme Court, not this Court.[3]

### C.   The Court Should Award Plaintiff Legal Fees and Costs Associated with the Removal of Her Petition

Pursuant to 28 U.S.C. § 1447(c), an order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  In *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005), the Supreme Court instructed that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." "*Martin* emphasizes that the purpose behind this standard is to 'recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'" *Ritacco v. Whole Life, Inc.*, No. 3:09-CV-792 (VLB), 2010 WL 3021529, at *1 (D. Conn. July 29, 2010).

In the present case, there is no objectively reasonable basis for removal, and therefore this Court should order Defendant to pay just costs and any actual expenses, including attorney fees, incurred as a result of the removal.[4]  The appropriate test for determining whether federal jurisdiction arises from a state

---

[3] Since there is no cause of action over which this Court has original jurisdiction, this Court also lacks supplemental jurisdiction. 28 U.S.C.A. § 1367 (a).

[4] If the Court awards fees and costs, Plaintiff will file an affidavit of attorney's fees and costs.

statute was established by the United States Supreme Court in 2005. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308. That standard was reaffirmed by in in 2013. See *Gunn v. Minton,* 133 S.Ct. 1059. Defendant should have been well aware that situations in which a cause of action created by state statute "arises" out of federal law for removal purposes are "extremely rare"; *Gunn v. Minton*, 133 S. Ct. at 1064; and that the present situation does not provide any reasonable basis for an exception to that rule.

In *Ritacco v. Whole Life, Inc.*, No. 3:09-CV-792 (VLB), 2010 WL 3021529, at *2, this Court granted the plaintiff's motion for attorney's fees pursuant to 28 U.S.C. 1447(c), where there was no reasonable basis to remove a cause of action brought under § 31-51m of the Connecticut General Statutes. This Court determined that under any reasonable reading of the applicable case law, the plaintiff's state law claim was not pre-empted by federal law. *Id.* Here, similarly, there is no reasonable support for the proposition that this Court has original jurisdiction over Plaintiff's one-count Petition brought pursuant to General Statutes § 9-63.

Parties must be deterred from attempting to remove every state law cause of action referencing a constitutional violation to federal court, absent some objectively reasonable basis for an exception to the general rule. No such basis exists here. This case was remanded merely to delay Plaintiff's right to a hearing, which she is entitled to have "at the earliest practicable date"; Connecticut General Statutes § 9-63; and to impose additional costs on Plaintiff, who is only

seeking non-monetary relief restoring her right to affiliate with the party of her choosing.

## III.    CONCLUSION

For the foregoing reasons, this Court should GRANT Plaintiff's Motion to Remand, and further issue a remand order requiring Defendant to pay just costs and any actual expenses, including attorney fees, incurred as a result of the removal.


THE PLAINTIFF


By:    /s/ Alexander Copp
        Alexander Copp, Esq.
        Federal Bar No. ct029856
        Cohen and Wolf, P.C.
        158 Deer Hill Ave
        Danbury, CT 06810
        Tel:  (203) 792-2771
        Fax:   (203) 749-1649
        E-mail: acopp@cohenandwolf.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date herein, a copy of the foregoing Motion to Remand was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing.  Parties may access the foregoing filings and this Certification of Service through the Court's system.

     /s/ Alexander Copp     
Alexander Copp
