UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE MILLER, | : | NO.: 3:16-cv-00724 (VLB) |
|    Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS DUNKERTON, | : | |
|    Defendant | : | JULY 15, 2016 |

**DEFENDANT THOMAS DUNKERTON'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND**

      Defendant Thomas Dunkerton ("Dunkerton") opposes plaintiff's Motion for Remand (Docs. 18, 19).  As fully set out in Dunkerton's Notice of Removal, this Court has original "federal question" jurisdiction over this action.  Removal is proper under the provisions of 28 U.S.C §§ 1331 and 1343 because the plaintiff, Jane Miller, asserts federal question jurisdiction by claiming purported violations of federal law.  It is clear from the plain language of the complaint that the plaintiff relies upon purported violations of federal law. Furthermore, to the extent that federal jurisdiction may be unclear from the face of the complaint, the "Artful Pleading Doctrine" exception should apply and preclude remanding this matter to state court.

      The Court should therefore deny plaintiff's Motion for Remand and allow this case to proceed in federal court.

I.      **BACKGROUND**

      The plaintiff commenced this cause of action in the State of Connecticut Superior Court for the judicial district of Danbury by way of a Complaint dated April 27, 2016.  The plaintiff served a copy of the Summons and Complaint upon

the defendant on or about April 28, 2016.  In her Complaint, the plaintiff alleges that the actions of the defendant, Thomas Dunkerton, were improper and unlawful in that:

    a. Defendant conducted a hearing where the evidence presented was insufficient to permit exclusion of Petitioner pursuant to General Statutes § 9-60 et seq.)

    b. The conduct of the proceedings violated Petitioner's constitutional rights, including her rights to due process of law and freedom of association.

    c. The accepted standard for membership in the Brookfield Republican Party allows members to occasionally support members of other candidates registered with other parties.

    d. The action of the Defendant holds Petitioner to a standard not required by others.

Upon receipt of the Complaint, the defendant filed a timely notice of removal on May 13, 2016, on the basis that (1) the above-described action is one which may be removed to the Court by the petitioner or the undersigned defendant therein, pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) in that the controversy involves a federal question and the alleged denial of plaintiff's rights under the First and Fourteenth Amendments, and (2) specifically, the petitioner alleges that the plaintiff's constitutional rights were violated, including her right to due process of law and her right to freedom of association. Plaintiff also appears to allege an Equal Protection claim (see "d" above).  All of the state and federal claims against Mr. Dunkerton in the Complaint stem from the same nucleus of facts.  The constitutional claims asserted against Mr. Dunkerton pursuant to the First and Fourteenth Amendments to the United States Constitution provide this Court with original jurisdiction to decide this

claim under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367a.

The plaintiff now seeks to remand this case back to Connecticut Superior Court.  As the basis for remand, the plaintiff claims that this Court is without jurisdiction because her case, as plead, is a one-count statutory cause of action brought pursuant to Connecticut General Statutes § 9-63.  This is simply not the case, in that this controversy involves a federal question and the alleged denial of plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution.

II.     **LEGAL STANDARD**

A removing defendant may defeat a motion for remand by showing that the requirements for removal have been met.  See California Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004).  Here, on May 13, 2016, Dunkerton removed this case under 28 U.S.C. § 1331, which states that original federal-question jurisdiction exists for all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"In assessing federal-question jurisdiction, courts are guided by the well-pleaded complaint rule that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Connecticut v. McGraw Hill Companies, Inc., No. 3:13-CV-311 SRU, 2013 WL 1759864, at *2 (D. Conn. Apr. 24, 2013), quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 12 (2003).  A plaintiff, however, "may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law

3

where the plaintiff's suit is, in essence, based on federal law ...." <u>Connecticut v. McGraw Hill Companies, Inc.</u>, 2013 WL 1759864, at *2 (D. Conn. Apr. 24, 2013); <u>see also</u> <u>Aliano v. City of Hartford</u>, No. 3:09-CV-2118 (SRU), 2010 WL 2698509, at *1 (D. Conn. July 8, 2010) (recognizing that Rule 15 of the Federal Rules of Civil Procedure "does not permit plaintiff to amend his complaint after removal for the sole purpose of defeating federal jurisdiction.")

Courts have recognized that while "[f]ederal jurisdiction is typically based on the fact that federal law creates the plaintiff's asserted cause of action ... in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." <u>Hanson v. U.S. Airports Air Cargo, LLC</u>, No. CIV A 3:07CV353 (JCH), 2008 WL 4722594, at *1 (D. Conn. Oct. 15, 2008); <u>see also</u> <u>Bracey v. Board of Education</u>, 368 F.3d 108, 113 (2004) (acknowledging that plaintiff need not alleged a cause of action created by federal law for the case to arise under federal law).

### III. ARGUMENT

#### A. PLAINTIFF'S COMPLAINT IMPLICATES FEDERAL QUESTION JURISDICTION

The plaintiff's complaint alleges violations of her constitutional rights. Removal of a civil action brought in state court to federal court is proper if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court, if the state court action could have been originally filed there. <u>See Hernandez v. Conriv Realty Assocs.</u>, 116 F.3d 35, 38 (2d Cir. 1997); <u>McClelland v. Longhitano</u>, 140 F. Supp. 2d 201, 202 (N.D.N.Y 2001).

**District courts have original jurisdiction in cases that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have original jurisdiction in cases brought "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States." 28 U.S.C.A. § 1343. "The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).**

The plaintiff's Complaint unquestionably contains allegations over which this Court maintains original jurisdiction. Since the plaintiff makes such claims, this Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3).

**28 U.S.C. § 1331 provides:**

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**28 U.S.C. § 1343(a)(3) provides:**

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:…

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

Facially, the Complaint sets forth allegations concerning causes of action

5

over which this Court has original jurisdiction and which concern rights arising under federal law.

In paragraph 5(a) of the Complaint, the plaintiff alleges that the conduct of the proceedings violated Petitioner's constitutional rights, including her rights to due process of law and freedom of association. (See Compl., Doc. #1-2, p. 2.) Plaintiff further alleges an Equal Protection Claim by pleading that the action of the defendant holds Petitioner to a standard not required by others. (See Compl., Doc. #1-2, p.2.) Such allegations invoke the court's jurisdiction, and as such, the removal of this action to district court was proper.

Because the plaintiff raises a federal question of law, this Court maintains original jurisdiction. Where a claim that falls within the District Court's original jurisdiction is properly removed under 28 USC § 1441 (a) the District Court has no discretion to remand said claim to state court. Avoletta v. Torrington, No. 3:07CV841 (AHN) 2008 WL 905882 (D. Conn. Mar. 31, 2008); Nelson v. City of Rochester, 492 F. Supp. 2d 282, 286 (WDNY 2007). "Nothing in § 1367(c) authorizes a district court to decline to entertain a claim over which it has original jurisdiction." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 787 (3d Cir 1995); see, Kabealo v. Davis, 829 F.Supp. 923, 927 (S.D. Ohio 1993)(nothing in language of 28 U.S.C. § 1367(c) suggests authority to remand federal claim to state court), *affirmed*, 72 F.3d 129 (6th Cir. 1995) (per curiam); Law v. Ansonia, No. Civ. A. 305CV1515 (JCH), 2005 WL 3132703 at * 1 (D. Conn. Nov. 22, 2005). Since this Court has original jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, a remand of the plaintiff's federal claims is not permissible

under 28 U.S.C. §1367(c).

Notably, the plaintiff Jane Miller currently has another case in front of this Honorable Court, Jane Miller v. Thomas Dunkerton, et al., Docket No. 3:16-cv-00174 (AWT)("Miller 1").  The five count complaint in Miller 1 was filed on February 3, 2016 and seeks declaratory and injunctive relief along with damages pursuant to her challenge to the constitutionality of Connecticut General Statues § 9-60, et seq. and the actions of Dunkerton.  In Miller 1, the plaintiff also claims that the defendant, Thomas Dunkerton, violated her right to freedom of association, her right to vote, her due process rights, and her equal protection rights by his actions.  These claims are alleged in the instant suit and should also proceed in Federal Court.

The fact that C.G.S. § 9-60 allows the plaintiff to go to superior court to appeal a negative decision does not provide the state court with exclusive jurisdiction.  When a claim is alleged involving a question of federal constitutional law the defendant has the right to be heard in federal court.

    **B.**    **THE "ARTFUL PLEADING DOCTRINE" SHOULD APPLY AND THE INSTANT MATTER SHOULD REMAIN IN FEDERAL COURT**

To the extent that federal jurisdiction is less than clear from the face of the Complaint, the defendant submits that original jurisdiction remains proper based upon the "Artful Pleading Doctrine," an exception to the well-pleaded complaint rule, because the plaintiff's claims purportedly arise from violations of federal law.

"[I]n certain limited circumstances a plaintiff may not defeat removal by clothing a federal claim in state garb, or, as it is said, by use of 'artful pleading.'"

7

**Travelers Indem. Co. v. Sarkisian**, 794 F.2d 754, 758 (2d Cir. 1986).  The cases in which federal courts have permitted removal on the basis of the artful pleading doctrine fall into two general categories: (1) cases in which federal preemption has eliminated the legal foundation of plaintiff's state law claims ("complete preemption"), and (2) cases in which plaintiff's choice of a state forum is motivated by the desire to evade the consequences of federal litigation. **Bowlus v. Alexander & Alexander Servs. Inc.**, 659 F. Supp. 914, 918-19 (S.D.N.Y. 1987)(Internal quotations omitted). The rationale underlying these exceptions is that "[a] federal court need not blind itself to the real gravamen of a claim because plaintiff tenders a blindfold in the form of artificial characterizations in its complaint." **In re Wiring Device Antitrust Litig.**, 498 F. Supp. 79, 82 (E.D.N.Y.1980). Relevant factors in determining whether removal should be permitted based upon artful pleading include: (1) whether the elements of a plaintiff's claims are virtually identical to those of a claim expressly grounded on federal law, and (2) whether a plaintiff previously elected to proceed in federal court. **See Sarkisian**, 794 F ,2d at 761.

The Artful Pleading Doctrine should apply in this instance because the plaintiff's claims are premised upon violations of federal law, and, in fact, the same federal claims are in front of this Court in Miller 1. Plaintiff's claims in the instant matter are virtually identical to those of a claim expressly grounded on federal law, and plaintiff previously elected to proceed in federal court in Miller 1.

    **C.    THE DISTRICT COURT HAS, AND SHOULD EXERCISE, SUPPLEMENTAL JURISDICTION OVER THE NON-FEDERAL CLAIMS**

This Court has supplemental jurisdiction over plaintiff's state law claims

pursuant to 28 U.S.C. § 1367(a). Title 28 U.S.C.A. § 1367 states in relevant part: "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367 (emphasis added). All allegations of the plaintiff's Complaint are based upon the same set of facts and it is clear that this Court has jurisdiction over the plaintiff's state law claims unless an exception applies.

The defendant notes that 28 U.S.C. § 1367(c) gives a district court discretion to decline to hear certain state claims that it has supplemental jurisdiction to entertain under 28 U.S.C. § 1367(a). A district court may decline to exercise its supplemental jurisdiction over a claim under subsection (a) if:

 (1) the claim raises a novel or complex issue of State law;

 (2) the claim substantially predominates over the claim or claims over which it has original jurisdiction …;

 (3) the district Court has dismissed all claims over which it has original jurisdiction;

 (4) in exceptional circumstances there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

"To decline supplemental jurisdiction under section 1367(c), the district court must first identify one of the factual predicates which correspond to the four categories described in 1367(c), and, secondly, determine whether the

9

exercise of discretion is appropriate, given the values of judicial economy, convenience, fairness, and comity." See Law v. City of Ansonia, 2005 WL 3132703 *1 (citing, Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 446 (2d Cir. 1998).

Furthermore, where state and federal claims are not separate and independent from each other, but arise from common facts, it is not appropriate to remand the state claims while retaining jurisdiction over the federal claims. Avoletta, 2008 WL 905882 at *9. See Doe v. Norwich Roman Catholic Corp., 606 F. Supp.2d 244, 245 (D. Conn 2009) (where complaint incorporates state law allegations by reference into the federal claims, the facts are inextricably interwoven and the court has supplemental jurisdiction over the non-federal claims as they are all part of the same controversy).

The state and federal claims in the plaintiff's Complaint are indeed inextricably interwoven—the factual scenario set forth by the plaintiff in paragraphs 1-4 of the Complaint are the entire factual underpinning for all claims, including constitutional claims, and those pursuant to C.G.S. § 9-60. See, Complaint.  Furthermore, the plaintiff's state law claims share a common, indeed identical, nucleus of facts with the federal claims raised by the plaintiff.  Under these circumstances the state law claims cannot be said to "predominate" over the federal claim.

    D.    PRINCIPLES OF FAIRNESS AND JUDICIAL ECONOMY DO NOT WEIGH IN FAVOR OF A REMAND OF THE PLAINTIFF'S STATE LAW CLAIMS.

Remanding the plaintiff's state law claims, over which this Court may

**properly exercise its supplemental jurisdiction, would serve no purpose. Instead, retaining jurisdiction over plaintiff's federal claims and remanding plaintiff's state law claims will merely create parallel proceedings which will create a duplication of efforts and undue inconvenience for all parties and witnesses. Economy of resources for the state and federal courts and the parties will not be served by parallel proceedings.**

In addition, parallel proceedings will create a race to judgment or a race to have the factual issues decided in state court. If the state court were to render judgment prior to the federal court, then the federal court could be bound to give that judgment preclusive effect. Under 28 U.S.C. § 1738, a federal court in a § 1983 action must give a state court judgment the same preclusive effect it would have in state court. <u>Migra v. Warren City School Dist.</u>, 465 U.S. 75, 81 (1984). And, to the extent that factual findings are made in the state court prior to findings being made in the federal court, one of the parties may be precluded from relitigating the factual determinations in federal court. <u>See</u> <u>Haberer v. Woodbury County</u>, 188 F.3d 957, 961 (8th Cir. 1999) (federal courts are obligated to give preclusive effect to issues decided by state courts even where the subsequent federal case is brought pursuant to 42 U.S.C. § 1983).

Since this Court must retain jurisdiction over plaintiff's federal claims, fairness, justice, and economy would not be served by remanding the plaintiff's state law claims back to state court.

"Plaintiff is, of course, entitled to raise any claim for which she has a good faith basis. But if plaintiff chooses to assert claims under the Constitution of the

11

United States, defendants are entitled to remove the case to federal court." <u>Hickerson v. City of New York,</u> 932 F.Supp. 550, 556 (S.D.N.Y. 1996). "If Plaintiffs are now of the view that the state law claims so predominate in the case as to render the remaining [Constitutional claims] claims inconsequential to the outcome, they may dismiss [those] claim[s] on their own motion." <u>City of New Rochelle v. Town of Mamaroneck</u>, 111 F. Supp. 2d 353, 373 (S.D.N.Y. 2000).

### E. THE COURT SHOULD DECLINE TO AWARD PLAINTIFF LEGAL FEES AND COSTS ASSOCIATED WITH REMOVAL

Plaintiff's Motion to Remand requests attorneys' fees and costs, but this relief is inappropriate. This Court may award attorneys' fees under 28 U.S.C. §1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141, 126 S. Ct. 704 (2005).

Given the argument above, there can be no serious argument that the removal lacked objective reasonableness. In the instant matter, plaintiff clearly alleges constitutional claims on the face of her Complaint. These claims are the same legal claims that are properly in front of the District Court in Miller 1. Therefore, removal was objectively reasonable and the request for attorneys' fees and costs should be denied.

## IV. CONCLUSION

For the reasons set forth herein and alleged in the defendant's Notice of Removal, the Court should deny the plaintiff's Motion for Remand and allow this matter to proceed in federal court.

**DEFENDANT,
THOMAS DUNKERTON**

**By /s/ Katherine E. Rule**
  **Thomas R. Gerarde (ct05640)
  Katherine E. Rule (ct27360)
  Winifred B. Gibbons  (ct29997)
  Howd & Ludorf, LLC
  65 Wethersfield Avenue
  Hartford, CT  06114-11921
  Ph:   (860) 249-1361
  Fax:  (860) 249-7665
  E-mail: tgerarde@hl-law.com
  E-mail: krule@hl-law.com
  E-mail: wgibbons@hl-law.com**

## **CERTIFICATION**

      This is to certify that on July 15, 2016 a copy of the foregoing Opposition to Plaintiff's Motion to Remand was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

**Neil Marcus, Esq.**
**Alexander Copp, Esq.**
**Cohen and Wolf, P.C.**
**158 Deer Hill Avenue**
**Danbury, CT  06810**
**nmarcus@cohenandwolf.com**
**acopp@cohenandwolf.com**

                                              **/s/ Katherine E. Rule**
                                              **Katherine E. Rule**