UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JANE MILLER,** | : | NO.: 3:16-cv-00724 (VLB) |
|     **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS DUNKERTON,** | : | |
|     **Defendant** | : | **JULY 20, 2016** |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS / SUGGESTION OF MOOTNESS**

**I.     INTRODUCTION**

The plaintiff commenced this cause of action in the State of Connecticut Superior Court for the judicial district of Danbury by way of a Complaint dated April 27, 2016.  Plaintiff alleges that on or about March 4, 2016, plaintiff applied to become a member of the Brookfield Republican Party.  The plaintiff further alleges that on April 19, 2016, her name was improperly and unlawfully excluded from the enrollment list of the Brookfield Republican Party by the registrar at the time of the application, Defendant Thomas Dunkerton ("Dunkerton").  See Compl. §§ 3-4.

The plaintiff served a copy of the Summons and Complaint upon the defendant on or about April 28, 2016.  Upon receipt of the Complaint, the defendant filed a timely notice of removal on May 13, 2016, on the basis that (1) the above-described action is one which may be removed to the Court by the petitioner or the undersigned defendant therein, pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) in that the controversy involves a federal question and the alleged denial of plaintiff's rights under the First and Fourteenth

Amendments, and (2) specifically, the petitioner alleges that the plaintiff's constitutional rights were violated, including her right to due process of law and her right to freedom of association.

In her Complaint, the plaintiff alleges that the actions of the defendant, Thomas Dunkerton, were improper and unlawful in that:

    a. Defendant conducted a hearing where the evidence presented was insufficient to permit exclusion of Petitioner pursuant to General Statutes § 9-60 et seq.

    b. The conduct of the proceedings violated Petitioner's constitutional rights, including her rights to due process of law and freedom of association.

    c. The accepted standard for membership in the Brookfield Republican Party allows members to occasionally support members of other candidates registered with other parties.

    d. The action of the Defendant holds Petitioner to a standard not required by others.

See Compl. at pp. 1-2.

By way of relief, the plaintiff requests a writ of mandamus or order directing that Dunkerton place the name of the plaintiff on the enrollment list of the Brookfield Republican Party. See Compl. at p. 3.

On June 24, 1016, plaintiff filed a new application to become a member of the Brookfield Republican Party. The current Republican Registrar, Ryan Murphy accepted her application on July 19, 2016, and placed her name on the enrollment list of the Republican Party. See Letter dated July 19, 2016 from Ryan Murphy to plaintiff Jane Miller attached hereto as Exhibit A. Because plaintiff is now a current member of the Brookfield Republican Party, her claims for relief are moot, and should be dismissed.

2

## II.     STANDARD OF REVIEW

In deciding a Rule 12(b)1 motion to dismiss for lack of subject matter jurisdiction, the court is not limited to a review of the pleadings.  See J.S. ex rel. N.S. v. Attica Central Schools, 386 F.3d 107, 110 (2d Cir. 2004).  "[T]he court may resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." Zappia Middle East Const. Co. Ltd. v. Emirate of Abu, 215 F.3d 247, 253 (2d Cir. 2000).  Rule 12(b)(1) allows a defendant to "challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." Robinson v. Government of Malaysia, 269 F.3d 133, 140 (2d Cir. 2001).  Where "the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations, … the court must take all facts alleged in the complaint as true and draw all reasonable inference in favor of plaintiff." Id. (citations omitted.)  Where, however, there are disputed factual issues regarding the jurisdiction of the court, the court must look to any submissions outside the complaint that are presented and necessary to deciding the jurisdictional question. Id. at 141.

Article III of the United States Constitution limits federal court jurisdiction to live cases and controversies. See Lillbask ex rel. Mauclaire v. Conn. Department of Education, 397 F. 3d 77,84 (2d Cir. 2005).  If a claim becomes moot, the court loses jurisdiction over the suit which necessarily must be dismissed. Id. at 84, citing Russman v. Board of Education, 260 F. 3d 114, 1889-119 (2d Cir. 2001).  Mootness deprives the Court of its power to act because there is nothing

for it to remedy, even if inclined to do so. See Spencer v. Kemna, 523 U.S. 1, 18, 118 S.Ct. 978 (1998). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Libertarian Party of Connecticut v. Bysiewicz, No. 3:08-CV-1513 (JCH), 2008 WL 5191834, at *1 (D. Conn. Nov. 20, 2008); quoting Powell v. McCormack, 395 U.S. 486, 496 (1969).

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Marakova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff generally has the burden of proving by a preponderance of the evidence that jurisdiction exists. Id.

### III. LAW AND ARGUMENT

#### A. Plaintiff's Claims For Relief Are Moot And Should Be Dismissed Because She Has Been Allowed Back Into The Republican Party

The plaintiff's claim for relief is moot because she is a current member of the Brookfield Republican Party. See Exhibit A.

The mootness doctrine, which is mandated by the "case or controversy" requirement in Article III of the United States Constitution, requires that federal courts may not adjudicate matters that no longer present an actual dispute between parties.

> Since both Plaintiffs and Defendants agree that the State is no longer implementing the fiscal assessment laws, and there is no reason to expect that fiscal assessments are now occurring or that the legislature will reenact the laws, no controversy now exists with respect to this claim and it is therefore moot." See Burke v. Barnes, 479 U.S. 361, 363-64 (1987) (holding that, when a challenged

> statute "by its own terms [becomes] a dead letter," the case becomes moot); cf. Assoc. Gen. Contractors of Conn., Inc. v. City of New Haven, 41 F.3d 62, 66-67 (2d Cir. 1994) (finding case moot where challenged city ordinance setting aside percentage of municipal contracts for minority businesses expired and Court could not reasonably expect city to reenact ordinance on same terms).

Catanzano v. Wing, 277 F.3d 99, 107 (2d. Cir. 2001).

The Second Circuit has instructed that "The voluntary cessation of allegedly illegal conduct usually will render a case moot if the defendant[s] can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." American Freedom Defense Initiative v. Metropolitan Transportation Authority, 109 F. Supp. 3d 626, 630 (S.D.N.Y. 2016), citing Granite State Outdoor Adver., Inc. v. Town of Orange, Conn., 303 F.3d 450, 451 (2d Cir.2002) (per curiam) (quoting Campbell v. Greisberger, 80 F.3d 703, 706 (2d Cir. 1996), abrogated on other grounds by Green v. Mattingly, 585 F.3d 97 (2d. Cir. 2009) (internal quotation marks omitted)); see also Lamar Adver. of Penn., LLC v. Town of Orchard Park, New York, 356 F.3d 365, 375–76 (2d Cir. 2004). "While a defendant's 'voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice,' it is nonetheless 'an important factor bearing on the question whether a court should exercise its power' to entertain a request for injunctive relief or declare it moot." Id., citing Holland v. Goord, 758 F.3d 215, 223 (2d Cir. 2014) (quoting City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982)).

5

The Second Circuit in <u>Granite State Outdoor Advertising v. Town of Orange</u>, 303 F.3d 450 (2d Cir. 2002) found that because the Town amended the challenged regulations regarding the location of billboards, the plaintiff's requested injunction was properly denied as moot. <u>Id.</u> at 452.

The same logic applies here.  The defendant has allowed plaintiff back into the Brookfield Republican Party.  Therefore, the plaintiff's claims for injunctive relief are moot. "If an event occurs when a case is pending…that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case, rather than issue an advisory opinion." <u>Libertarian Party of Connecticut v. Bysiewicz</u>, 2008 WL 5191834, at *1; quoting <u>Coleman v. Newburgh Enlarged City Sch. Dis.</u>, 503 F.3d 198, 204 n. 8 (2d Cir. 2007) (quoting <u>ABC, Inc. v. Stewart</u>, 360 F.3d 90, 97 (2d Cir. 2004).

In <u>Campbell v. Greisberger</u>, 80 F.3d at 706,  the plaintiff challenged a question on the state's bar application concerning mental health and chemical dependency treatment as violative of the ADA.  State officials withdrew the mental health question from the application for bar admission.  The District Court determined that the plaintiff's request for an injunction was moot, and the Second Circuit affirmed the dismissal on the grounds of mootness. <u>Id</u>.

The Second Circuit reaffirmed these principles when it found, once again, that a case was moot because the challenged state law was no longer in effect and there was no reasonable prospect that it would be reenacted. <u>Catanzano v.</u>

6

**Wing**, 277 F.3d 99.[1]  **Catanzano** succinctly summarized the applicable law on mootness:

> **The mootness doctrine, which is mandated by the "case or controversy" requirement in Article III of the United States Constitution, requires that federal courts may not adjudicate matters that no longer present an actual dispute between parties. . . . Since both Appellants and Appellees agree that the State is no longer implementing the fiscal assessment laws, and there is no reason to expect that fiscal assessments are now occurring or that the legislature will reenact the laws, no controversy now exists with respect to this claim and it is therefore moot.  See Burke v. Barnes, 479 U.S. 361, 363-64 (1987) (holding that, when a challenged statute "by its own terms [becomes] a dead letter," the case becomes moot); cf. Assoc. Gen. Contractors of Conn., Inc. v. City of New Haven, 41 F.3d 62, 66-67 (2d Cir. 1994) (finding case moot where challenged city ordinance setting aside percentage of municipal contracts for minority businesses expired and Court could not reasonably expect city to reenact ordinance on same terms).**

**Id. at 107.**

In the matter of  **National Advertising Co. v. City and County of Denver**, 912 F.2d 405 (10th Cir. 1990), a billboard advertising company brought suit seeking a declaratory judgment, injunctive relief, and damages stemming from Denver's sign ordinance.  **Id.** at 407.  After plaintiff's suit was filed, Denver passed a new sign ordinance that repealed the old ordinance. **Id.** at 407-08.  The District Court

---

[1] **Without analyzing the issue, the Court in Catanzano applied** *de novo* **review to the question of mootness. See id. at 107.  Nevertheless, nothing in the opinion indicates that the Court intended to overrule its long line of cases holding that where a district court dismisses a case as moot based on the voluntary action of the defendant, its decision is reviewed for abuse of discretion.  See e.g., Lee v. Commissioner, 155 F.3d 584, 587 (2d Cir. 1998) (noting that a prior decision of the Court may not be overruled absent an** *in banc* **decision to do so).**

held that plaintiff's "requests for declaratory and injunctive relief arising from the unconstitutionality of the old ordinance were mooted by its repeal." Id. at 408. The Tenth Circuit affirmed.  A unanimous panel held that:

> [T]he district court was correct in dismissing [plaintiff's] claims for prospective relief as moot.  Federal court jurisdiction depends on the existence of a case or controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. The controversy must exist at all stages of the proceedings, not merely at the time the complaint is filed. The relief sought must be capable of addressing the alleged harm. . .. At the time the district court held the claims moot, the new ordinance had been enacted and the old ordinance repealed. *A declaratory judgment on the validity of a repealed ordinance is a textbook example of advising what the law would be upon a hypothetical state of facts*.

Id. at 411 (citations and internal quotations omitted; emphasis added).

Although courts have been reluctant to find cases moot when there is evidence that the challenged restriction may arise again in the future, this claim is not valid in the instant matter.  Plaintiff can point to no evidence that the new Republican Registrar would have any interest in removing Ms. Miller from the enrollment list, having placed her on the list as of July 19, 2016.  Without such evidence, there is simply no basis for entertaining a challenge to moot regulations or restrictions. See Massachusetts v. Oakes, 491 U.S. 576, 582, 109 S.Ct. 2633 (1989).

**8**

III. **CONCLUSION**

Accordingly, plaintiff's claims should be dismissed as moot.

        DEFENDANT,
        THOMAS DUNKERTON

By /s/ Katherine E. Rule
   Thomas R. Gerarde (ct05640)
   Katherine E. Rule (ct27360)
   Winifred B. Gibbons  (ct29997)
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-11921
   Ph:   (860) 249-1361
   Fax:  (860) 249-7665
   E-mail: tgerarde@hl-law.com
   E-mail: krule@hl-law.com
   E-mail: wgibbons@hl-law.com

## **CERTIFICATION**

      **This is to certify that on July 20, 2016, a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.**

**Neil Marcus, Esq.**
**Alexander Copp, Esq.**
**Cohen and Wolf, P.C.**
**158 Deer Hill Avenue**
**Danbury, CT  06810**
**nmarcus@cohenandwolf.com**
**acopp@cohenandwolf.com**

                                            **/s/ Katherine E. Rule**
                                            **Katherine E. Rule**