**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **JANE MILLER,** | : | |
| | : | |
| ***Plaintiff,*** | : | |
| | : | **Civil Action No. 3:16-cv-00724 (AWT)** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS DUNKERTON** | : | |
| ***Defendant*** | : | **July 29, 2016** |
| | : | |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO REMAND**

Plaintiff, Jane Miller ("Plaintiff"), by and through undersigned counsel, hereby files this reply brief in response to Defendant's Opposition to Plaintiff's Motion for Remand (Doc. #25) (hereinafter, "Opposition"), and in further support of her Motion to Remand made pursuant to 28 U.S.C. § 1447(c) (Doc. # 18).

The *only* "cause of action" in Plaintiff's one-count Complaint (Doc. #1-2) is created by state law. Therefore, federal jurisdiction would only lie if, at a minimum, resolution of the state law cause of action *necessarily* depends on resolution of a substantial question of federal law. Defendant does not dispute the applicability of this rule, yet fails to provide *any argument or analysis* as to why resolution of a federal issue is necessary to resolve this state law cause of action. Accordingly, there is no reasonable basis for federal jurisdiction, and the Court should order Defendant to pay just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.[1]

[1] Following the filling the Motion for Remand, Defendant moved to dismiss on the grounds that this action is moot as a result of Plaintiff's reinstatement to the Republican Party (by his successor registrar). Doc # 26. However, even

## I. Defendant has not Established a Reasonable Basis for Federal Jurisdiction

### a. Defendant has Failed to Articulate How Plaintiff's State Law Cause of Action Necessarily Depends on the Resolution of a Federal Question

On page 4 of his Opposition, Defendant cites *Bracey v. Board of Education*, 368 F.3d 108, 113 (2d Cir. 2004) for the proposition that a plaintiff need not allege a cause of action created by federal law for the case to arise under federal law. As Plaintiff acknowledges in her Memorandum in Support of Motion to Remand (Doc. #19, p. 5) ("Supporting Memorandum"), this is a correct statement of the law. Defendant fails to mention, however, that while "a plaintiff need not allege a cause of action *created by* federal law for the case to *arise under* federal law," resolution of the state cause of action must "necessarily depend[] on resolution of a substantial question of federal law …." *Id.* (emphasis in original);[2] see also *Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014).[3]

Notwithstanding this well-established principle, Defendant never directly addresses it. Instead, Defendant makes only conclusory assertions[4] and attempts to blur the line between state causes of action merely raising an insubstantial or collateral question of federal law and state causes of action necessarily depending on resolution

---

if Defendant is correct that the substantive issue in this case is now moot, "[f]ees may be awarded even when … the dispute has become moot because the relief sought is otherwise obtained." *Koppel v. Wien*, 743 F.2d 129, 135 (2d Cir. 1984); *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (affirming appellate jurisdiction to review grant of attorney's fees upon remand despite having no jurisdiction to review order of remand itself). Plaintiff intends to object to the Motion to Dismiss on the ground that, at a minimum, the issue of whether the Court should grant legal fees and costs is still properly before it.

[2] There are other exceptions not applicable here. See *Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014).

[3] As set forth in Plaintiff's Supporting Memorandum (p. 5), the federal question must also be capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

[4] For example, Defendant asserts that "plaintiff's Complaint unquestionably contains allegations over which this Court maintains original jurisdiction" (Opposition, p. 5); and "[s]uch [constitutional] allegations invoke the court' jurisdiction" (Opposition, p. 6).

of a federal claim. See, e.g., Opposition, p. 5 ("Because the plaintiff raises a federal question of law, this Court maintains original jurisdiction."); p. 7 ("When a claim is alleged involving a question of federal constitutional law the defendant has the right to be heard in federal court."). It is well established, however, that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Bracey v. Board of Education*, 368 F.3d at 113-14, quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

Defendant has failed to cite any case law supporting the proposition that Plaintiff's Complaint necessarily depends on resolution of a federal question. The most apposite case in his Opposition is *Bracey v. Board of Education*, 368 F.3d 108, where the Second Circuit affirmed federal question jurisdiction over a state law retaliatory discharge claim brought pursuant to Connecticut General Statutes § 31-51q.[5] The Court in *Bracey* found that this state-law claim necessarily turned on some construction of federal law because it *explicitly incorporates the First Amendment to the U.S. Constitution by reference*. See i*d.* at 116; Conn. Gen. Stat § 31-51q ("Any employer … who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution … shall be liable to such employee for damages"). In other words, the

[5] Section 31-51q provides: "Any employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages, and for reasonable attorney's fees as part of the costs of any such action for damages. If the court determines that such action for damages was brought without substantial justification, the court may award costs and reasonable attorney's fees to the employer."

court found that if there is no First Amendment violation (or violation of equivalent provisions of the Connecticut Constitution), there is no cause of action under § 31-51q. See also *Ting v. Univ. of Bridgeport*, Docket No. 3:11-CV-20 CFD, 2011 WL 2222309, at *3 (D. Conn. June 7, 2011) (finding *Grable* inquiry satisfied because § 31-51q "incorporates by reference the First Amendment of the U.S. Constitution, thereby necessarily raising a stated federal issue").

In stark contrast to the state statutory cause of action in *Bracey*, Connecticut General Statutes § 9-63 does not so much as reference the U.S. Constitution, let alone depend on it as a prerequisite for relief. Rather, it simply provides that if a petitioner has been unjustly or improperly removed from an enrollment list, a Superior Court judge may order the registrar to place her name back on the list. This unjustness or impropriety may raise to the level of a constitutional violation, or may simply violate the applicable state statutes, but the merely possibility of a constitutional violation is insufficient to *necessarily* raise a federal issue. Defendant has cited no authority to the contrary.

**b. Plaintiff's 42 U.S.C. §§ 1983 and 1985 Claim is Entirely Irrelevant to Federal Jurisdiction in This Action**

For the aforementioned reasons, this Court lacks federal jurisdiction over this action because its outcome does not necessarily depend on resolution of a substantial question of federal law. Defendant's claim that a separate suit alleging federal causes of action for completely separate conduct somehow changes this fact is unsupported by any law. See Opposition, p. 7.

"Under the well-pleaded-complaint rule, federal question jurisdiction exists only if [a] plaintiff's statement of *his own cause of action* shows that it is based on federal law…. Moreover, it is well established that a defendant may not evade this rule by raising a federal question in its responsive pleadings and then attempting to remove on that basis." *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (citation omitted; emphasis added; internal quotation marks omitted).

Defendant here is trying to establish jurisdiction based on something other than Plaintiff's own statement of her cause of action in the instant case, namely, an entirely separate cause of action brought for different reasons, involving different parties, and seeking different relief. Nevertheless, the Court need not analyze the extent to which the two actions are similar, as it is not Defendant's privilege to characterize Plaintiff's claims based on anything other than the Complaint in *this action*.

**c. The "Artful Pleading" Doctrine Does Not Create Jurisdiction**

The "real gravamen" of Plaintiff's claim is obvious: she seeks a mandamus under a state statute. Defendant does not claim federal pre-emption, and she has failed to show that Plaintiff's choice of a state forum is motivated by the desire to evade the consequences of federal litigation. Defendant has failed to identify any supposedly hidden claim that is virtually identical to any claim "expressly grounded in federal law." See Opposition, p. 7. Plaintiff's Complaint in Case 3:16-cv-00174-AWT seeks damages pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff's Complaint here does not attempt to cite any of the requisite elements of either of those statutes, and does not seek

monetary damages or declaratory relief. Rather, the *sole* relief sought is a mandamus pursuant to Connecticut General Statutes § 9-63.

## II. Since the Court Lacks Original Jurisdiction, the Issue of Supplemental Jurisdiction is Irrelevant

Defendant incorrectly assumes that there are multiple "claims" in this action – some state and some federal. However, there is only one "claim" and only one "cause of action" at issue in this lawsuit, which arises out of state law. Since there is no cause of action over which this Court has original jurisdiction, the issue of supplemental jurisdiction is irrelevant. See 28 U.S.C.A. § 1367 (a).

## III. Defendant's Failure to Provide Any Reason Why Plaintiff's State Law Cause of Action Necessarily Depends on the Resolution of a Federal Question Establishes the Lack of Any Reasonable Basis for Removal

In opposing an award of legal fees and costs, Defendant asserts at page 12 of his Opposition that "plaintiff clearly alleges constitutional claims on the face of her Complaint" and that "[t]hese claims are the same legal claims that are properly in front of the District Court in [Case 3:16-cv-00174-AWT'". For the reasons set forth in Section I, supra, these assertions are completely meritless. Rather than attempting to establish any reason why Plaintiff's state law cause of action necessarily depends on the resolution of any federal question (even arguably), Defendant has attempted to establish jurisdiction with a series of conclusory statements and red herrings. These are insufficient to create a reasonable basis for removal.

Defendant has clearly overreached. Removal to this court was nothing more than an improper attempt to delay resolution of this action until the § 1983 action is decided, and to cause Plaintiff to incur more burden and expense, rather than a good-faith

attempt to litigate a bona fide federal issue in federal court. See 26(f) Report, Doc. #3, pp. 3, 5 (indicating Defendant's intention to consolidate this case with the § 1983 case, and seeking discovery deadlines well into 2017). Plaintiff has incurred substantial and unwarranted costs as a result of this strategy.

Accordingly, Plaintiff respectfully requests that this Court award her all legal fees and costs associated with prosecuting this action in federal court.

**THE PLAINTIFF**

By: /s/ Alexander Copp

Alexander Copp, Esq.
Federal Bar No. ct029856
Cohen and Wolf, P.C.
158 Deer Hill Ave
Danbury, CT 06810
Tel: (203) 792-2771
Fax: (203) 749-1649
E-mail: acopp@cohenandwolf.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date herein, a copy of the foregoing Motion to Remand was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing. Parties may access the foregoing filings and this Certification of Service through the Court's system.

/s/ Alexander Copp
Alexander Copp