UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE MILLER, | : |
|    *Plaintiff,* | : |
| | : Civil Action No. 3:16-cv-00724 (AWT) |
| v. | : |
| THOMAS DUNKERTON | : |
|    *Defendant* | : August 10, 2016 |

**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Jane Miller, hereby files this memorandum of law in opposition to Defendant Thomas Dunkerton's Motion to Dismiss (Doc. 26-1) ("Motion to Dismiss"). As fully set forth in Plaintiff's Memorandum in Support of Motion to Remand (Doc. 19) and Reply (Doc. 28), Defendant had no reasonable basis to remove this case on the ground that there was a substantial question of federal law. In the absence of a federal question, the Court should remand this case to state court, grant Plaintiff's request for legal fees and costs pursuant to 28 U.S.C. § 1447(c), and deny Defendant's Motion to Dismiss as moot.

**I.   FACTUAL BACKGROUND**

Plaintiff commenced this one-count statutory cause of action in the State of Connecticut Superior Court for the Judicial District of Danbury, pursuant to Connecticut General Statutes § 9-63. Defendant filed a notice of removal on May 13, 2015, claiming that Plaintiff's state statutory action involves a federal question because of the alleged denial of plaintiff's constitutional rights. See Doc. 1, ¶¶2-3. On June 10, 2016, Plaintiff filed a Motion to Remand the case to state court, seeking legal fees and costs pursuant

to 28 U.S.C. § 1447(c). The Court has not yet ruled on whether this case should be remanded to state court. On July 20, 2016, Defendant filed the Motion to Dismiss now before the Court, arguing that her claims for relief are rendered moot by her recent return to the enrollment list of the Brookfield Republican Party. Doc. 26-1, p.2.

The Court should deny Defendant's motion to dismiss as moot because, in the removal context, 28 U.S.C. § 1447(c) requires remand of this action for lack of a substantial federal question. The issue of mootness is entwined with the merits of this action, and should not be decided by a court which does not have federal question jurisdiction. Further, this Court retains jurisdiction over the question of Plaintiff's right to be awarded attorney's fees pursuant to 28 U.S.C. § 1447(c), which is disputed by the parties.[1]

## II.  ARGUMENT

### A. In the Absence of Jurisdiction of a Substantial Question of Federal Law, this Court May Not Rule on the Pending Motion to Dismiss; Rather, the Issue of Mootness Must be Resolved in State Court Upon Remand

The Second Circuit has specifically held that "on a claim appropriately brought in state court, which a federal court would be powerless to adjudicate, the defendant may not defeat the claim by removing it to federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014). Thus, "in the removal context, remand is the mandatory course of action where a court finds it lacks subject matter jurisdiction over a case that has been removed." *Cutillo v. Wellmore Behavioral Health*, No. 3:15-cv-01174 (VAB), 2016 WL 3976543, at *7 (D. Conn. July 22, 2016).

---

[1] Even in the absence of the issue of attorney's fees, Plaintiff disputes that this action is moot.

Remand is necessary here because in the absence of federal subject matter jurisdiction, this Court lacks authority to rule on the issue of mootness raised by Defendant's Motion to Dismiss. Importantly, the Connecticut Supreme Court has held that the standard for establishing mootness in Connecticut state court is higher than in federal court:

> [i]n deciding issues of mootness, [the Connecticut Supreme Court] is not constrained by article three, § 2, or the allocation of power between the state and federal governments.  [The Connecticut] state constitution contains no case or controversy requirement analogous to that found in the United States constitution. Indeed, [u]nlike the United States constitution, the state constitution does not confine the judicial power to actual cases and controversies. Rather, the jurisdiction of [the] courts shall be defined by law.

*State v. McElveen*, 261 Conn. 198, 211-12 (2002). Because there is no federal jurisdiction, the issue of mootness is one to be resolved in state court based on state law and not the federal "case or controversy" rule.[2]

Courts have recognized the need to rule on a pending motion for remand prior to ruling on a pending motion to dismiss, regardless of whether the motion to dismiss challenges subject matter jurisdiction, personal jurisdiction, or sufficiency of the pleadings. See, e.g., *Bynum v. Norfolk S. Ry. Co.*, No. 2:13CV373, 2013 WL 4478092 (E.D. Va. August 6, 2013) (granting plaintiff's motion to remand and denying defendant's 12(b)(1) motion to dismiss as moot); *Casella Waste Sys., Inc. v. G R Tech., Inc.*, No. 1:07-CV-150, 2008 WL 148996 (D. Vt. Jan. 11, 2008) (granting motion for remand and declining to consider motion to dismiss for lack of personal jurisdiction); *Gross v. Home Depot U.S.A., Inc.*, 386 F. Supp. 2d 296, 299 (S.D.N.Y. 2005)

---

[2] Therefore, Defendant has applied the wrong standard in his Motion to Dismiss.

("Plaintiff's motion to remand must be granted and this court need not, and must not, decide Defendants' [12(b)(6) motion to dismiss").

Further, deciding the Motion to Dismiss in federal court would involve an analysis that is entwined with the merits of the case and is therefore inappropriate for resolution in this forum. Even under the federal standard, Defendant bears a "heavy burden" of persuading this Court that Plaintiff's reinstatement renders her claim moot based on subsequent events. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000). Although Defendant's motion to dismiss disclaims any intent to revive the challenged conduct, "[s]tanding alone, this representation might not suffice to render moot [the] requested relief." *Id.* at 65, citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (holding that, although defendant had "disclaimed any intention" to revive the challenged conduct, "[s]uch a profession does not suffice to make the case moot although it is one of the factors to be considered . . . ."). Therefore, it is not at all clear that Plaintiff's reinstatement moots the merits of this case, even if this were decided under the federal standard. A decision by this Court that this case is moot would deprive Plaintiff of an opportunity to seek appropriate relief in state court based on the Connecticut state law.[3]

## B. The Court Retains Jurisdiction to Grant Fees and Costs Pursuant to 28 U.S.C. § 1447(c)

This Court has statutory jurisdiction to award legal fees and costs pursuant to 28 U.S.C. § 1447(c) even if it lacks jurisdiction over the merits of this case. *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 165 (2d Cir. 2011) (affirming jurisdiction to review award of attorney's fees for objectively unreasonable removal; award affirmed).

---

[3] For example, Plaintiff could seek a court ruling that she must be reinstated for a certain time period, or that Defendant (or his successor) may not again erase Plaintiff from the list for a particular time.

4

Litigating against Defendant's improper and unreasonable removal to federal court has led to significant costs and fees which Plaintiff has a statutory right to recover, and which cannot be negated by Defendant's Motion to Dismiss.

### III. CONCLUSION

For the foregoing reasons, the Court should remand this case to state court, grant Plaintiff's request for legal fees and costs pursuant to 28 U.S.C. § 1447(c), and deny Defendant's Motion to Dismiss as moot.

                    **THE PLAINTIFF,**
                    **JANE MILLER**

By  /s/Alexander Copp
    Alexander Copp, Esq.
    Federal Bar No. ct029856
    Cohen and Wolf, P.C.
    158 Deer Hill Ave.
    Danbury, CT 06810
    Tel.:  (203) 792-2771
    Fax:  (203) 749-1649
    E-Mail:  acopp@cohenandwolf.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the date herein, a copy of the foregoing was filed electronically. Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing. Parties may access the foregoing filings and this Certification of Service through the Court's system.

                                                      /s/ Alexander Copp
                                                      Alexander Copp