UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE MILLER, | : | NO.: 3:16-cv-00724 (AWT) |
|    Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS DUNKERTON, | : | |
|    Defendant | : | AUGUST 16, 2016 |

**REPLY TO PLAINTIFF'S BRIEF IN
OPPOSITION TO MOTION TO DISMISS**

Pursuant to Local Rule 7(d), the defendant, Thomas Dunkerton, respectfully submits his reply to the Plaintiff's Memorandum of Law In Opposition to Defendant's Motion to Dismiss ("Brief-Opp") (Doc. # 30), filed on August 10, 2016.  Unless noted otherwise, all references to exhibits are to those filed with defendant's Motion to Dismiss / Suggestion of Mootness (Doc. #26), filed on July 20, 2016.

**I.  Defendant's Motion to Dismiss / Suggestion of Mootness Should Be Decided First.**

"When a case becomes moot, the federal courts 'lack[ ] subject matter jurisdiction over the action.'"  *Fox v. Board of Trustees of State University of New York*, 42 F.3d 135, 139 (2d Cir. 1994), *citing New York City Employees' Retirement Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992).  "Customarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case."  *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996).  "In most cases … the District Court must be allowed some discretion regarding the order in which it is to consider any question which will dispose of the litigation in the federal courts."  *Id.* at 157.   In this case, judicial economy and

restraint support addressing the issue of mootness first in part because that is the simpler determination.

There is also no clear rule that a motion to remand must be addressed first; in some cases, the Court may decide a motion to dismiss before a motion to remand. *See Cantor Fitzgerald*, 88 F.3d at 155. The cases that plaintiff relies upon in support of the contention that a motion to remand must be decided before a motion to dismiss tend to address specific situations regarding removal. *See Bynum v. Norfolk Southern Ry. Co.*, No. 2:13-CV-373, 2013 WL 4478092, at *2 (E.D. Va. Aug. 16, 2013) (holding that a claim brought under the Federal Employer's Liability Act filed in state court against a railroad could not be removed to federal court pursuant to § 1445(a), Nonremovable actions); *Gross v. Home Depot U.S.A., Inc.*, 386 F. Supp. 2d 296, 298-99 (2005) (remanding where diversity jurisdiction was destroyed and defendant failed to establish fraudulent joinder).

Whether federal question jurisdiction exists is essentially irrelevant where a case is moot. In *Ruggier v. Go Mart, Inc.*, No. 2:15-CV-03412, 2015 WL 3466312, at *2-3 (S.D.W.V. June 1, 2015), the Court was faced with a situation similar to the instant matter. Plaintiff had filed a complaint in state court, which included references to the Americans with Disabilities Act (the "ADA"); defendant removed the case to federal court, and the plaintiff filed a motion to remand, arguing that there was no claim for relief under the ADA and the Court lacked subject matter jurisdiction. In analyzing the motion to remand and the claim for lack of federal question jurisdiction, the Court noted that "where 'the underlying controversy is clearly moot, the preferred course is to decide mootness, before reaching difficult questions more closely tied to the merits of the

underlying controversy, such as subject matter jurisdiction.'" *Id.* at *3, *citing Kaw Nation v. Norton*, 405 F.3d 1317, 1323 (Fed. Cir. 2005).  In *Kaw Nation*, the Court reiterated that the Courts "generally … may address jurisdictional issues in any order." *Kaw Nation*, 405 F.3d at 1323, *citing Tenet v. Doe*, 544 U.S. 1, 125 S. Ct. 1230, 1235 n.4 (2005); *Myers Investigative & Sec. Servs., Inc. v. U.S.*, 275 F.3d 1366, 1369) (Fed. Cir. 2002) (holding that standing, like mootness, is a threshold jurisdictional issue, and deciding the issue of standing without reaching mootness issue).

The Court in *Ruggier* found that persons suing under the ADA could only receive injunctive relief, and the parties in that case agreed that the bathroom facility at issue had been remedied and brought into accordance with the ADA requirements already. Thus, whether there was an ADA claim or not, there was no longer a live controversy.

Here, plaintiff brought suit seeking readmission to the Brookfield Republican Party, which is the only relief she sought.  The parties agree, and defendant has offered proof, that the plaintiff has been readmitted.  As such, there is no live controversy, and the matter should be dismissed for mootness.

Additionally, plaintiff had a C.G.S. § 9-63 hearing in State Court in 2015, and that hearing and the constitutionality of the statutory scheme are now on appeal before the Connecticut Supreme Court.  Additionally, plaintiff since filed her first federal lawsuit raising various constitutional challenges including First Amendment and § 1983 claims. Those matters remain pending and address plaintiff's claims for damages.  The instant suit, however, was brought for injunctive relief solely, which claim has been made moot by plaintiff's readmission to the Brookfield Republican Party.

## II. <u>CONCLUSION</u>

WHEREFORE, for all of the foregoing reasons, and the reasons set forth in the defendant's Memorandum of Law in Support of Motion to Dismiss, this Court should grant the defendant's Motion to Dismiss.

                                         DEFENDANT,
                                         THOMAS DUNKERTON

                                         By /s/ Katherine E. Rule
                                             Thomas R. Gerarde (ct05640)
                                           Katherine E. Rule (ct27360)
                                           Winifred B. Gibbons  (ct29997)
                                           Howd & Ludorf, LLC
                                           65 Wethersfield Avenue
                                           Hartford, CT  06114-11921
                                           Ph:   (860) 249-1361
                                           Fax:  (860) 249-7665
                                           E-mail: tgerarde@hl-law.com
                                           E-mail: krule@hl-law.com
                                           E-mail: wgibbons@hl-law.com

**CERTIFICATION**

      This is to certify that on August 16, 2016, a copy of the foregoing Reply to Plaintiff's Brief in Opposition to Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Neil Marcus, Esq.
Alexander Copp, Esq.
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT  06810
nmarcus@cohenandwolf.com
acopp@cohenandwolf.com

                                        /s/ Katherine E. Rule
                                        Katherine E. Rule