| | |
|---|---|
| S.C. 19621 | : SUPREME COURT |
| JANE MILLER,<br>    *Petitioner-Appellant* | : STATE OF CONNECTICUT |
| v. | : |
| THOMAS DUNKERTON<br>    *Respondent-Appellee* | : JULY 29, 2016 |

## RESPONDENT'S MOTION TO DISMISS APPEAL

The Respondent hereby moves the Court to dismiss Petitioner's appeal on the basis that it is moot. It does not qualify for the exceptions for matters (i) capable of repetition yet evading review exception, or (ii) involving collateral consequences.

**I.  BRIEF HISTORY**

This is an appeal of the trial court's denial of a writ of mandamus or other relief directing Respondent to restore the Petitioner's name to the Brookfield Republican Party enrollment rolls pursuant to Connecticut General Statutes § 9-60 *et seq*. The Petitioner filed her appeal of that ruling on September 8, 2015. The parties participated in a pre-argument conference on December 28, 2015. Pursuant to Practice Book § 65-1, this Court transferred this case from the Connecticut Appellate Court to itself on January 12, 2016. Petitioner's appellant brief was filed on April 1, 2016. Respondent's appellee brief was filed on June 1, 2016. Petitioner's reply brief was filed on June 21, 2016. The appeal is currently scheduled for a hearing as early as the First Term: September 2016.

**II.  SPECIFIC FACTS**

Throughout this appeal, Petitioner has requested that the Court reverse the judgment of the trial court and provide injunctive relief from in the form of reinstatement of Petitioner's name to the enrollment list of the Brookfield Republican Party. Respondent resigned as Brookfield Republican Registrar of Voters on or about June 18, 2016 and was



succeeded by Deputy Registrar Ryan Murphy ("Mr. Murphy"). Petitioner reapplied for reentry onto the Brookfield Republican Party voter rolls on June 24, 2016. On or about July 19, 2016, Mr. Murphy accepted Petitioner's application and placed her name onto the enrollment list of the Republican Party. At this time, Petitioner is a full member of the Brookfield Republican Party. Thus, as the accompanying memorandum of law explains, because the Petitioner independently obtained the relief she sought from the Court, the appeal is moot. With respect to Petitioner's remaining constitutional claims, neither of the exceptions to the mootness doctrine – capable of repetition yet evading review, and collateral consequences – save the case from being moot and permit review by the Court. Accordingly, the Court should dismiss Petitioner's appeal.

### III.   LEGAL GROUNDS

Practice Book § 66-8.

<pre>
                          THE RESPONDENT,
                          THOMAS DUNKERTON

             BY:   / s / Kevin G. Palumberi
                   Kevin G. Palumberi
                   Ward J. Mazzucco
                   Chipman, Mazzucco, Land & Pennarola, LLC
                   39 Old Ridgebury Road, Suite D-2
                   Danbury, CT 06810
                   Phone: (203) 744-1929
                   Fax:   (203) 790-5954
                   kgp@danburylaw.com
                   wjm@danburylaw.com
</pre>

**EXHIBIT A**

| | |
|---|---|
| S.C. 19621 | : SUPREME COURT |
| JANE MILLER, | : STATE OF CONNECTICUT |
| *Petitioner-Appellant* | |
| v. | : |
| THOMAS DUNKERTON | |
| *Respondent-Appellee* | : JULY 29, 2016 |

### MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS APPEAL

Since this appeal was filed with Connecticut Appellate Court on September 8, 2015 and subsequently transferred to this Court on January 12, 2016, Petitioner has formally applied for reentry onto the Brookfield Republican enrollment list on at least two occasions: once on March 4, 2016, and again on June 24, 2016. The latter application was granted by current Brookfield Republican Registrar of Voters Ryan Murphy by letter dated July 19, 2016. At this time, Petitioner is a full member of the Brookfield Republican Party.

Petitioner's voluntary and ultimately successful reapplication for reentry onto the Brookfield Republican Party enrollment list prior to an adjudication of the merits of her appeal has deprived the Court of subject matter jurisdiction, and has mooted her appeal. In particular, because the Court can no longer grant Petitioner the practical injunctive relief she sought, and because the Court does "has no jurisdiction to give advisory opinions," Moshier v. Goodnow, 217 Conn. 303, 307, 586 A.2d 557 (1991), as to any remaining constitutional issues, the appeal is mooted and should be dismissed.

**I.     MOOTNESS DOCTRINE GENERALLY**

"When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." *In re* Romance M., 229 Conn. 345, 357, 641 A.2d 378 (1994).



"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates a court's subject matter jurisdiction." (internal quotation marks omitted). <u>State v. Preston</u>, 286 Conn. 367, 373, 944 A.2d 276 (2008).  Accordingly, "it is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) <u>In re</u> <u>Steven M.</u>, 264 Conn. 747, 754, 826 A.2d 156 (2003).

Despite the mootness of Petitioner's claims in light of her recent reentry onto the enrollment rolls of the Republican Party, the Court may maintain jurisdiction over the appeal under limited circumstances. An otherwise moot question may still be justiciable and qualify for review under the "capable of repetition, yet evading review" exception to the mootness doctrine. *See* <u>Loisel v. Rowe</u>, 233 Conn. 370, 382, 660 A.2d 323 (1995) (establishing refined three-part test). Additionally, an otherwise moot question may qualify for review under the "collateral consequences" exception to the mootness doctrine. *See* <u>State v. McElveen</u>, 261 Conn. 198, 212–16, 802 A.2d 74 (2002) (articulating the exception).

In the instant case, because this Court can provide no practical relief to Petitioner concerning her desire to be readmitted to the Republican Party, the issues concerning her removal are moot. As to any remaining constitutional claims, Petitioner's claims fail the first and second requirements of the capable of repetition yet evading review <u>Loisel</u> test, and likewise fail to satisfy the collateral consequences exception.

**EXHIBIT A**

**II.    CAPABLE OF REPETITION YET EVADING REVIEW EXCEPTION**

The Connecticut Supreme Court has set a three-party test that an otherwise moot question or appeal must satisfy in order to qualify for review under the capable of repetition yet evading review exception to the mootness doctrine.

> First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot.

Loisel, 233 Conn. at 382–83. "Unless all three requirements are met, the appeal must be dismissed as moot." Sweeney v. Sweeney, 271 Conn. 193, 202, 856 A.2d 997 (2004) (citations and internal quotation marks omitted). The instant appeal fails to satisfy the first and second requirements of the Loisel test.[1]

For a matter to satisfy the first requirement of the Loisel test, a "functionally insurmountable time constraint" must exist, such that there is "no doubt that the challenged action had an intrinsically limited lifespan." Loisel, 233 Conn. at 383 (citations omitted). Accordingly, "if an action or its effects [are] not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy." Id. at 383–84. "This requirement is satisfied when there is a strong likelihood that the inherently limited duration of the action will cause a substantial majority of cases raising the same

---

[1] In light of the First Amendment rights implicated in this case, the instant appeal likely satisfies the third requirement of the Loisel test - public importance.



issue to become moot prior to final appellate resolution." Burbank v. Bd. of Educ., 299 Conn. 833, 840, 11 A.3d 658 (2011).

The second requirement of the Loisel test "entails two separate inquiries: (1) whether the question presented will recur at all; and (2) whether the interests of the people likely to be affected by the question presented are adequately represented in the current litigation." Loisel, 233 Conn. at 384 (emphasis added). Taken together, without the "possibility of such repetition, there would be no justification for reaching the issue, as a decision would neither provide relief in the present case nor prospectively resolve cases anticipated in the future." Id. at 384. Notably, the Loisel test "does not provide an exception to the mootness doctrine when it is merely *possible* that a question could recur, but rather there must be a *reasonable likelihood* that the question presented in the pending case will arise again in the future." Russo v. Common Council, 80 Conn. App. 100, 110 (2003) (citation omitted, emphasis in original, internal quotation marks omitted).

A.) THE FIRST *LOISEL* REQUIREMENT – LIMITED DURATION

The instant appeal does not involve functionally insurmountable time constraints, and therefore, any remaining claims fail to satisfy the first requirement of the Loisel test. Though the statutes in question in the instant appeal – Connecticut General Statutes §§ 9-60 and 9-61 – contemplate a maximum 2-year period of elector disaffiliation from a political party's enrollment rolls, such a durational limitation is unlikely to cause a substantial majority of cases raising the same issues in the future to become moot. Specifically, procedural safeguards are in place that would protect parties in the event an elector is discretionally erased from a party's rolls close to the conclusion of the 2-year exclusion period. "Procedural mechanisms exist under which [the Connecticut Supreme Court] or the

**EXHIBIT A**

Appellate Court [can] provide[] appellate relief rapidly, such as by granting . . . a stay, and implementing an expedited briefing, argument, and decision procedure . . . ." In re Emma F., 315 Conn. 414, 426–27, 107 A.3d 947 (2015) (providing expedited appellate procedure mechanisms available in non-election context) ; see also Peterson v. Robles, 134 Conn. App. 316, 324, 39 A.3d 763 (2012) ("A review of past election related appeals reveals that our courts have characteristically responded in a timely and effective manner."); Bysiewicz v. Dinardo, 298 Conn. 748, 751–52, 6 A.3d 726 (2010) (noting that declaratory judgment action concerning statutory qualifications for state constitutional office advanced from trial court judgment to oral bench decision before the Connecticut Supreme Court in less than two weeks); Office of the Governor v. Select Comm. of Inquiry, 271 Conn. 540, 545-47, 858 A.2d 709 (2004) (highlighting the expedited procedural history of case involving, *inter alia*, separation of powers considerations under state constitution, which case advanced from trial court judgment to oral bench decision before the Connecticut Supreme Court in twelve days); Nielsen v. Kezer, 232 Conn. 65, 68–72, 652 A.2d 1013 (1995) (detailing the expedited nature of an election case, which advanced from the filing of a mandamus action in Superior Court through Supreme Court adjudication in roughly six weeks).

"The availability of such expedited review procedures is a significant factor" in concluding that the period of elector disaffiliation in Connecticut General Statutes §§ 9-60 and 9-61 cases is not so time-limited as to satisfy the capable of repetition yet evading review exception to the mootness doctrine. *See* In re Emma F., 315 Conn. at 417 (citing Robles, an election statute case). In other words, just because Petitioner in the instant appeal opted not to avail herself of expedited review procedures does not mean a substantial majority of cases raising similar issues will encounter functionally

**EXHIBIT A**

insurmountable time constraints in the future. Accordingly, the instant appeal fails the first requirement of the Loisel test.

### B.) THE SECOND *LOISEL* REQUIREMENT – CAPABLE OF REPETITION

Petitioner's attempts to be reinstated back onto the enrollment rolls of the Brookfield Republican Party have been resolved, such that no immediate relief may be granted by the Court. Further, due to recent external developments and because there is nothing in the pleadings or record to demonstrate or suggest a "reasonable likelihood" that Respondent will apply the statutes in question in the same allegedly improper manner in the future, the instant appeal fails the second Loisel requirement.

Respondent has recently resigned from his capacity as Republican Registrar of Voters in Brookfield, and as such, no longer possesses the statutory authority to discretionally erase electors, including Petitioner, from the Republican Party. Additionally, Respondent's discretionary erasure of Petitioner's name from the enrollment rolls in 2015 was the first time he or his predecessors had acted under authority of the statutes while acting as Registrar. Hearing Transcript dated July 27, 2015 at 60:9–19. Moreover, Respondent is unaware of any pending state cases concerning the issues involved in the instant appeal; [2] the Court deciding any remaining issues in this case will not resolve other pending cases. Tappin v. Homecomings Fin. Network, Inc., 265 Conn. 741, 749, 830 A.2d 711 (2003) (noting that resolution of landlord and tenant rights in dispute would resolve

---

[2] Consistent with Petitioner's characterizations that Conn. Gen. Stats. §§ 9-60 and 9-61 are "archaic" and relics of "old guard" politics, Appellant's Brief at 6, 24, the general dearth of caselaw concerning application of the two statutes further suggests that issues concerning these statutes are reasonably unlikely to recur between any parties, much less the parties in the instant dispute. In the event future application of, and appeals concerning, the statutes occur, the Court is best served adjudicating the merits of the claims during a live, not, moot, controversy.

**EXHIBIT A**

other pending state cases). Finally, "the bare fact that the resolution does not eternally preclude the conduct from arising again does not except the claim from being rendered moot." Russo, 80 Conn. App. at 110 (differentiating the "merely possible" standard with the "reasonable likelihood" standard). For the foregoing reasons, the remaining claims in the instant appeal fail to satisfy the second Loisel requirement for the capable of repetition yet evading review exception.

### III.   COLLATERAL CONSEQUENCES EXCEPTION

The Connecticut Supreme Court has recognized a second exception to the mootness exception, which, if granted, would permit a court to review otherwise moot claims. In the event a change in circumstances has precluded relief from the court, "a controversy continues to exist, affording the court jurisdiction, if the actual injury suffered by the litigant potentially gives rise to a collateral injury from which the court can grant relief." McElveen, 261 Conn. at 206.

> [F]or a litigant to invoke successfully the collateral consequences doctrine, the litigant must show that there is a reasonable possibility that prejudicial collateral consequences will occur. Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not. This standard provides the necessary limitations on justiciability underlying the mootness doctrine itself. Where there is no direct practical relief available from the reversal of the judgment, as in this case, the collateral consequences doctrine acts as a surrogate, calling for a determination whether a decision in the case can afford the litigant some practical relief in the future.

Id. at 208. "The array of collateral consequences that will preclude dismissal on mootness grounds is diverse, and includes harm to a defendant's reputation as a result of the judgment at issue." Putnam v. Kennedy, 279 Conn. 162, 169, 900 A.2d 1256 (2006)



**EXHIBIT A**

(referencing multiple examples of cases concerning reputational and legal record harm of litigants).

For instance, in <u>Putnam</u>, the Connecticut Supreme Court examined the reasonably possible adverse collateral consequences of an otherwise moot appeal concerning expired domestic violence restraining orders. <u>Id</u>. at 171–74. The Court held that the continuing reputational, legal record, and child custody determination harm and impact resulting from or concerning domestic violence restraining orders, whether expired or not, made it reasonably possible that adverse collateral consequences of the orders may occur. <u>Id</u>. at 171–75. As a result, the Court held that the Appellate Court should have heard the merits of the appeal rather than dismissing it as moot. <u>Id</u>. at 175.

Conversely, the record of the instant appeal is devoid of testimony or allegations in pleadings that would suggest or establish any collateral consequences or injuries beyond mere conjecture. Accordingly, the remaining claims in the instant appeal cannot be saved by the collateral consequences exception to the mootness doctrine.

## IV. CONCLUSION

Petitioner's voluntary and ultimately successful attempts at reentry back onto the enrollment rolls of the Republican Party have deprived the Court of subject matter jurisdiction, and have mooted her appeal. Because the remaining constitutional considerations in the appeal cannot be saved by either the capable of repetition yet evading review exception, or the collateral consequences exception, to the mootness doctrine, the Court should dismiss this appeal.



**EXHIBIT A**

## CERTIFICATION

I hereby certify that: a copy of the foregoing has been delivered to each other counsel of record and self-represented party of record by e-mail on the date hereof; I have included their names, addresses, e-mail addresses and telephone and facsimile numbers below; the foregoing has been redacted or does not contain any names or other personal identifying information that is prohibited from disclosure by rule, statute, court order or case law; a copy of the foregoing has been delivered to the undersigned's client(s) who are parties to this appeal; and the foregoing complies with all applicable rules of appellate procedure, including Practice Book § 66-3.

Nathan C. Zezula, Esq.
Pastore & Dailey LLC
4 Hight Ridge Park, 3rd Floor
Stamford, CT 06905
Tel: (203) 658-8454
Fax: (203) 348-0852
Nzezula@psdlaw.net

Thomas Dunkerton
1603 Bradford Drive
Danbury, CT 06811
dunk182@aol.com

I further certify that the foregoing consent to receiving a copy of this motion by electronic mail.

/ s / Kevin G. Palumberi
Kevin G. Palumberi

**EXHIBIT A**

  

**CHIPMAN MAZZUCCO LAND & PENNAROLA LLC (410654)**               **Email: lnh@danburylaw.com  Logout**

You have selected this case:

| Number: | Name of Case: |
|---|---|
| SC 19621 | JANE MILLER v. THOMAS DUNKERTON |

**You have successfully E-Filed!**

View/Save/Print Motion form here:

Print Confirmation of E-Filing here

## Confirmation of E-Filing

For questions regarding this payment: Contact Us.

| | |
|---|---|
| Motion Number: | MOT SC 160053 |
| Supreme/Appellate Docket Number: | SC 19621 |
| Type of Transaction: | MOTION TO DISMISS APPEAL |
| Fee Amount: | $0.00 |
| Service Fee: | $0.00 |
| Total Transaction Amount: | $0.00 |
| Date Filed: | 07/29/2016 |
| Filed By: | 410654 - CHIPMAN MAZZUCCO LAND & PENNAROLA LLC |
| Date & Time of Transaction: | 07/29/2016 02:45 PM |
| Documents Filed: |  29151-MOTION |
| **Payment Confirmation Number:** | |

[Back to E-Filing Menu]               [Logout]

.

Copyright © 2016, State of Connecticut Judicial Branch

**EXHIBIT A**