```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
JANE MILLER,                     :
                                 :
          Plaintiff,             :   Civil No. 3:16-cv-724(AWT)
                                 :
v.                               :
                                 :
THOMAS DUNKERTON,                :
                                 :
          Defendant.             :
-------------------------------- x
```

**ORDER RE MOTION TO REMAND**

For the reasons set forth below, the plaintiff's Motion to Remand (Doc. No. 18) is hereby DENIED.

After receiving the complaint, defendant Thomas Dunkerton filed a timely notice of removal on the basis that this action was removable to federal court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) in that the controversy involves a federal question. The plaintiff contends that the only cause of action in the plaintiff's one-count complaint is created by state law, specifically Connecticut General Statutes §9-63. However, a plain reading of the complaint reveals that this is not so, notwithstanding the fact that it is entitled "Petition (General Statutes §9-63)."  (Petition (Doc. No. 1-2).)

The plaintiff argues that "[t]he Petition does not plead a constitutional violation as a separate cause of action and does not reference any federal statutes."  However, Paragraph 5

1

states that the action of defendant Dunkerton in excluding the plaintiff from the enrollment list of the Brookfield Republican Party was "improper and unlawful for the following reasons." (Pet. ¶ 5.) (Emphasis added)  The plaintiff then sets forth four reasons why the action of the defendant was unlawful, but only Paragraph 5a cites to Connecticut General Statutes § 9-60 et seq.  Paragraph 5b expressly refers to the plaintiff's "rights to due process of law and freedom of association."  (Pet. ¶ 5b.) It does not elaborate on why the evidence presented at the hearing did not support the defendant's actions, i.e. elaborate on the claim in Paragraph 5a.  Rather, Paragraph 5b refers to two claims that are independent grounds for relief.  This is so even though the plaintiff does not use the words "violation of the plaintiff's First and Fourteenth Amendment constitutional rights."[1]  Also, the fact that a complaint does not break causes

---

[1] The plaintiff glosses over the fact that this is precisely the language she used in her April 30, 2015 petition in state court in litigating her First and Fourteenth Amendment constitutional rights.  (Petition, Miller v. Dunkerton, Docket No. DBD-CV15-6017272-S ("Miller I"), (Entry. No. 100.31) (Conn. Super. Ct. Apr. 30, 2015) ¶4b ("The conduct of the proceedings violated Petitioner's right to due process of law.")); (Memorandum of Decision Re: Plaintiff's Petition Pursuant to General Statutes § 9-63, Miller I, (Entry No. 109.05) (Conn. Super. Ct. Aug. 18, 2015), at 8 ("The court finds that the proceedings initiated against the plaintiff in accordance with § 9-60 et seq. did not violate her procedural rights to due process of law."); id. at 10 (The court rejected the plaintiff's argument "that her 'First Amendment right to freedom of association is implicated by her removal from the party of her choice via § 9-61.'").

of action into separate counts does not mean that a plaintiff has not pled separate causes of action.

Paragraph 5d expressly refers to Miller being held "to a standard not required by others," and the analysis with respect to this equal protection claim is the same as that with respect to the claims in Paragraph 5b.

It is so ordered.

Signed this 28th day of March 2017, at Hartford, Connecticut.

                                                /s/ AWT
                                     Alvin W. Thompson
                              United States District Judge